## Commonwealth v. Louisville Taxicab & Transfer Company.

(Decided June 19, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Statutes—Must be Construed as a Whole.—In construing a statute, it must be considered as a whole, so as to give effect to every part, and produce a harmonious whole if possible.

2. Licenses—Taxicabs Not Required to Pay License Fees.—In view of Acts 1924, c. 81, section 1, excluding taxicab companies from category of "auto transportation companies," section 19, imposing license fees on transportation companies operating vehicles with carrying capacity of five persons or less, does not include taxicabs.

8. Indictment and Information—Indictment Failing to Charge Violation After Statute Took Effect Demurrable.—Since Acts 1924, c. 81, section 19, requiring auto transportation companies to secure certificate from state highway commission and pay certain fees, did not take effect until June 17, 1924, indictment charging offense on — day of June, 1924, and within 12 months next before finding of indictment, held demurrable.

FRANK E. DAUGHERTY, Attorney General, MOORMAN DITTO, Assistant Attorney General, and JOS. S. LAWTON, Commonwealth's attorney, and C. W. LOGAN, Assistant Commonwealth's Attorney, for appellant.

PETER, LEE, TABB & CRIEGER for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The Louisville Transfer & Taxicab Company (hereafter referred to as the taxicab company) was indicted for operating motor vehicles upon the public highways of this Commonwealth, transporting persons for hire, without having procured a certificate from the State Highway Commission, and without having paid to the state treasurer the fees claimed to be due under section 2739j-19 of the statutes (section 19, chapter 81, Acts 1924). A demurrer to the indictment was sustained. A stipulation, in the nature of a bill of particulars, was made that the taxicab company is a Kentucky corporation engaged in the taxicab business in the city of Louisville; that it sends its cabs whenever and wherever it is called, and conveys passengers wherever desired; that it has no regular routes or fixed termini; that each cab has a capacity of five passengers or less; that fares are charged according to meters, and that it has been in such business since the law became effective on June 17, 1924. In section 2739j-19, we find:

"No provisions of this act except section 2739j-19, providing for payment of fees shall be applicable to any motor vehicle having a carrying capacity of five persons or less."

Therefore, it is contended we can look to no other part and that the only part of this act applicable to motor vehicles having capacity of five passengers or less is:

"For each motor vehicle carrying passengers for hire on the public highways of this Common-

wealth capable of carrying five passengers or less, two dollars and fifty cents ($2.50) for each and every passenger seat or space.''

In Reo Bus Lines Company v. Southern Bus Line Company, decided May 12, 1925, this court held that motor vehicles capable of carrying five passengers or less, when transporting persons for hire, must pay a fee of $2.50 for each passenger seat or space. That case is cited and relied on as controlling, but the rule is that in construing an act, it must be considered as a whole, and so construed, if possible, as to give effect to every part thereof, and to produce a harmonious whole, and we have decided we can look at other sections to see what the legislature meant by the expression, auto transportation company.

In subsection d of section 2739j-1, we find:

''The term 'auto transportation company,' when used in this act means every corporation, person, firm or association or persons . . . owning, controlling, operating or managing any motor propelled vehicle . . . used in the business of transporting persons, for compensation, over any public highway in this state between fixed termini or over a regular route . . . provided, however, that the term 'auto transportation company' as used in this act shall not include corporations or persons . . . insofar as they own, control, operate or manage taxicabs, hotel busses, school busses, or busses used exclusively for funeral purposes, and shall not apply to taxicab companies not operating between fixed termini or over a regular route, and shall not prohibit them from making casual trips over the routes established under the provisions of this act.''

From this we see clearly just what the legislature meant by the expression, ''auto transportation company,'' and examining section 2739j-19 to see upon whom the payment of fees is imposed, we find:

''Each and every auto transportation company now or hereafter operating a line or lines of passenger transportation by means of motor vehicles shall pay the following fees, etc.''

The intent of the legislature is so evident that there is nothing left for construction. Indeed, we should have

difficulty in setting out any clearer terms by which the legislature could have excluded taxicabs. Therefore, the demurrer was properly sustained. Further, the indictment was returned December 19, 1924, and charges that this alleged offense was committed on the — day of June, 1924, and within twelve months next before the finding of this indictment. The law did not take effect until June 17, hence the indictment did not charge the acts were done after the law took effect, and it was also demurrable for this reason.

The judgment is affirmed.

The whole court sitting.

Chief Justice Settle and Judges Thomas and Dietzman dissenting as to grounds upon which opinion is based but concurring in result.

## DISSENTING OPINION BY JUDGE DIETZMAN.

Believing that the majority opinion is based on what the court thinks the legislature had in its mind rather than what the legislature said in the law it passed, Judges Thomas, Settle and myself are compelled to dissent. By section 19 of chapter 81 of the Acts of 1924, being now section 2739j-19 of the Kentucky Statutes, it is provided that each and every auto transportation company now or hereafter operating a line or lines of passenger transportation by means of motor vehicles shall pay certain fees. In the classification of such fees, which next follows in the same section, are two classes which we think support our views. They are: "(a) For each motor vehicle carrying passengers for hire on the public highways of this Commonwealth capable of carrying five passengers or less, $2.50 for each and every passenger seat or space; (b) for each motor vehicle operating between fixed termini or over a regular route, capable of carrying six passengers or more, up to eight passengers, $5.00." This section 19 of the act closes thus: "No provisions of this act except section 19, providing for the payment of fees, shall be applicable to any motor vehicle having a carrying capacity of five persons or less." It seems to us that this provision of section 19 means exactly what it says, and that it prohibits the looking to any other section of the act when we are dealing with any motor vehicle having a carrying capacity of five persons or less. That the appellee is operating a motor vehicle carrying passengers for hire on the public highways of this Common-

wealth capable of carrying five passengers or less stands admitted. This section makes a clear distinction between motor vehicles which are operated for hire over the public highways of the state, but not between fixed termini, and such motor vehicles which do ply between such termini. Appellee plainly falls within the former classification, and it therefore follows that under the provisions of this section 19 it should pay $2.50 for each and every passenger seat in its autos. The majority opinion, however, says "not so" because it is only auto transportation companies who have to pay this license tax, and when we look for the definition of an auto transportation company in section 1 of the act we find that it expressly excludes a company operating taxicabs. That, literally and without the light thrown on the meaning of the phrase "auto transportation company" by section 1 of the act, appellee is an auto transportation company is plain to us. It is a company engaged in the business of transporting passengers for hire by means of automobiles. Have we the right then to modify this literal meaning by what the legislature said in section 1 of the act? How can we have such right when the legislature prohibited us by the closing provision of section 19 to look to any other section of the act when dealing with the applicable part of that section? What plainer or stronger language could the legislature have used to forbid such action on our part?

Deeming, then, that we are bound by what the legislature said rather than by what we might think it probably meant, we conclude that section 19 of the act is the only section which should govern the decision of this case, and that under the express provisions of such section, appellee is liable for the license tax therein imposed.

By a parity of reasoning, however, we also conclude that appellee is not subject to the indictment and penalties provided for by section 28 of the act. The concluding provision of section 19, above quoted, excludes the application of any other section of the act to any motor vehicle having a carrying capacity of five persons or less. This of course excludes section 28. Although appellee may be proceeded against civilly or otherwise under the general revenue laws of the state for failure to pay this license tax, it cannot be proceeded against under section 28 of the act. We, therefore, believe the lower court was correct in sustaining appellee's demurrer to the indictment herein, and so we concur in the result reached

by the majority opinion, but dissent from the grounds on which that opinion is based.

I am authorized to say that Judges Thomas and Settle concur in this dissenting opinion.